UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-10357-RWZ

HILARY HOLDEN

v.

LIEUTENANT JAMES BARRY,
WEYMOUTH POLICE OFFICERS JANE DOE AND JOHN DOE, and
TOWN OF WEYMOUTH

MEMORANDUM & ORDER

November 19, 2020

ZOBEL, S.D.J.

Plaintiff was arrested by members of the Weymouth Police Department on an invalid warrant. She brings suit under 42 U.S.C. § 1983 for deprivation of rights by false arrest and false imprisonment and under common law for false arrest, false imprisonment, negligent and intentional infliction of emotional distress, and negligence. Each count names all defendants—except for Counts III and IV, common law false arrest and false imprisonment, which claim only against the police officers. Defendants have moved to dismiss for failure to state a claim on which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

**FACTS[1]**

On February 24, 2017, plaintiff, while driving, was stopped for a traffic violation by two members of the Weymouth Police Department (defendants Jane and John Doe).

---

[1] For purposes of a Rule 12(b)(6) motion, all allegations in the complaint are taken as true. Ruivo v. Wells Fargo Bank, 766 F.3d 87, 90 (1st Cir. 2014). The facts listed here are thus derived from the complaint. I do not include facts from the exhibits attached to defendants' motion because plaintiff disputes their use, and, in any event, they do not change the analysis.

1

Their normal check with the Warrant Management System (WMS) showed that there was an outstanding warrant for plaintiff's arrest.[2] Plaintiff explained that the warrant had been recalled months before when she reported to Suffolk County Superior Court and suggested that they call her probation officer or consult her Criminal Offender Record Information (CORI)[3] to confirm. The officers checked neither. Instead, they arrested plaintiff and brought her to the Weymouth Police Department.

After she had been detained for approximately three hours, plaintiff's attorney arrived at the station. He provided the officer in charge, defendant Lieutenant James Barry, with a copy of the Superior Court docket showing that the warrant had been recalled. He also directed the Lieutenant to plaintiff's CORI in the Department of Criminal Justice Information Services database, which confirmed the recall and showed that the underlying probation violation had been resolved. Nonetheless, plaintiff was held for a period of time until the Clerk Magistrate eventually arrived and released her.

## 12(B)(6) STANDARD

Dismissal under Rule 12(b)(6) is appropriate if the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d

---

[2] Created in 1994, the Warrant Management System is a computer system in which court personnel are required to enter active warrants and remove recalled warrants. See Mass. Gen. Laws ch. 276, § 23A; Mass. Legis. Serv. Ch. 247 (H.B. 5118) (West). That information is transferred to the Criminal Justice Information System (CJIS), which is maintained by the Criminal History Systems Board (CHSB), and thereby available to all law enforcement agencies and the Registry of Motor Vehicles. Id.

[3] The Department of Criminal Justice Information Services defines CORI as "[r]ecords and data in any communicable form compiled by a Massachusetts criminal justice agency which concern an identifiable individual and relate to the nature or disposition of a criminal charge, an arrest, a pre-trial proceeding, other judicial proceedings, [Mas. Gen. Laws ch. 276, § 58A "dangerousness" hearings] . . . where the defendant was detained prior to trial or released with conditions . . ., sentencing, incarceration, rehabilitation, or release." 803 Mass. Code Regs. 2.02.

513, 515 (1st Cir.1988)). A complaint must merely "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007)).

## ANALYSIS

As a preliminary matter, there are three different categories of defendants in this case: The John Doe arresting officers, the officer-in-charge at the station (Lieutenant Barry), and the Town of Weymouth. All defendants have asserted overlapping and diverging defenses.

### Counts I and II: the 42 U.S.C. § 1983 claims

a. *Qualified Immunity*

To make out a case under 42 U.S.C. § 1983, plaintiff must show 1) "that the defendant has deprived [her] of a right secured by the Constitution and laws of the United States" and 2) "that the defendant deprived [her] of this constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970).

The second showing is simple: police officers effectuating arrests are clearly acting under color of state law. The first is also straightforward, as it is a "long settled principle" that the Fourth Amendment prohibits warrantless arrests not supported by probable cause that a crime occurred. Prall v. City of Bos., 985 F. Supp. 2d 115, 122 (D. Mass. 2013) (citing Bailey v. United States, 568 U.S.186, 192 (2013)). The constitution is not satisfied simply because the police believed that there was a warrant for plaintiff's arrest—even if that belief was objectively reasonable. See Wilson v. City of Bos., 421 F.3d 45, 55 (1st Cir. 2005) (Fourth Amendment violated when plaintiff, for

3

whom there was no arrest warrant, was swept up in mass arrest sting).  Plaintiff has sufficiently pleaded this cause of action.

The doctrine of qualified immunity, however, shields government officials, including police officers, from § 1983 liability in certain circumstances.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Defendants bear the burden of proving the applicability of immunity.  Morrissey v. Town of Agawam, 883 F. Supp. 2d 300, 308 (D. Mass. 2012).  To do so, they must show that it was objectively reasonable for the officers to believe that their action did not violate a clearly established constitutional right.  See Starlight Sugar, Inc. v. Soto, 253 F.3d 137, 141 (1st Cir.2001).  As discussed above, it is clearly established that the Constitution prohibits a warrantless arrest without probable cause.  The question, then, is whether an objectively reasonable officer would have believed he was violating that right.

The "applicability *vel non* of the qualified immunity doctrine should be determined at the earliest practicable stage in the case," Cox v. Hainey, 391 F.3d 25, 29 (1st Cir. 2004), but in this case qualified immunity has not been sufficiently pled. There are significant factual questions regarding the reasonableness of all of the police officers' action.  These questions include the investigative avenues available to the arresting officers to verify the warrant, the frequency with which the WMS errs, and any training the officers may have received concerning those error rates,  see United States v. Henderson, 229 F. Supp. 2d 35, 38 (D. Mass. 2002) (describing Police Academy training in the reliability of various warrant databases).  The motion to dismiss is thus denied as to Counts I and II against Lieutenant Barry and the officers Doe.

4

b. *Monell claims*

The qualified immunity defense is not available to governmental bodies. See Owen v. City of Independence, 445 U.S. 622, 638 (1980); see also Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011). But § 1983 claims can only be brought against local governments when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978). Local governments may be sued "for constitutional deprivations visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels." Id. at 690–691.

The Complaint must allege such a policy or custom. See Luthy v. Proulx, 464 F. Supp. 2d 69, 74 (D. Mass. 2006). This complaint does not do so. Plaintiff instead relies on the "clear inference" from the facts stated in the complaint that the officers were operating under a policy or custom of the town. Pl.'s Opp'n to Def.'s Mot. to Dismiss 9, ECF No. 13. Because this is not the pleading standard, the Town's motion to dismiss Counts I and II is allowed.

**Counts III and IV: Massachusetts false imprisonment and false arrest**

According to Massachusetts common law, "a public official, exercising judgment and discretion, is not liable for negligence or other error in the making of an official decision if the official acted in good faith, without malice, and without corruption." Nelson v. Salem State Coll., 845 N.E.2d 338, 348 (Mass. 2006). "The rule is that there is every presumption in favor of the honesty and sufficiency of the motives actuating public officers in actions ostensibly taken for the general welfare." Najas Realty, LLC v.

5

Seekonk Water Dist., 821 F.3d 134, 146 (1st Cir. 2016) (quoting S. Boston Betterment Trust Corp. v. Boston Redevelopment Auth., 777 N.E.2d 812, 820 (Mass. 2002)).  Bad faith "is not simply bad judgment.  It is not merely negligence.  It imports a dishonest purpose or some moral obliquity.  It implies conscious doing of wrong.  It means a breach of a known duty through some motive of interest or ill will.  It partakes of the nature of fraud." McCabe v. City of Lynn, 875 F. Supp. 53, 63 (D. Mass. 1995), rev'd sub nom. McCabe v. Life-Line Ambulance Serv., Inc., 77 F.3d 540 (1st Cir. 1996), (quoting Ramos v. Bd. of Selectmen of Nantucket, 450 N.E.2d 1125, 1129 (Mass. App. Ct. 1983)).  Plaintiff has not pleaded sufficient facts that any of the defendants acted with a dishonest purpose or any moral obscurity in relying on the WMS.  The motion to dismiss Counts III and IV is allowed.

### *Counts V and VII: Negligent infliction of emotional distress and negligence*

a. <u>Massachusetts Tort Claims Act immunity for police officers</u>

The motion to dismiss Counts V and VII as to the police officers is allowed because no public employee "shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment." Mass. Gen. Laws ch. 258, § 2.

b. <u>Massachusetts Tort Claims Act presentment requirements[4]</u>

Defendants also allege that the negligence claims against the town must be dismissed because plaintiff failed to meet the presentment requirements of the Massachusetts Tort Claims Act (MTCA), Mass. Gen. Laws ch. 258, §§ 1–13.  The

---

[4] For purposes of determining whether proper presentment took place, I examine the February 27, 2018 letter from plaintiff's counsel to Richard C. Grimes, the Weymouth Chief of Police, attached as an exhibit to Defendant's Motion to Dismiss. Ex. 1, ECF No. 8-1. As mentioned above, I do not consider this exhibit, however, in determining the sufficiency of the pleadings.

MTCA commands that "[a] civil action may not be instituted against a public employer . . . unless the claimant [has] first presented his claim in writing to the executive officer of such public employer within two years after the date on which the cause of action arose . . . ." Id. § 4. Defendant asserts that these requirements were not met because plaintiff sent her presentment letter to the Weymouth Chief of Police, who is not an executive officer under the statute. See id. § 1. The case need not be dismissed, however, when the purpose of the presentment requirement has been accomplished by actual notice. See Lopez v. Lynn Hous. Auth., 800 N.E.2d 297, 299 (Mass. 2003). These are factual questions better decided at a later stage.[5] Defendants also point out that plaintiff failed to aver in her complaint that the presentment requirements were met. The purpose of such averment is to force defendant to raise the defense of inadequate presentment. See Vasys v. Metropolitan Dist. Com'n, 438 N.E.2d 836, 840 (Mass. 1982). This purpose was achieved here. Finally, defendant claims the content of the presentment letter was insufficient because it did not describe with adequate precision the legal basis of plaintiff's claim. The letter "must not be so obscure that educated public officials find themselves baffled or misled with respect to whether a claim is being asserted which constitutes a proper subject for suit." Martin v. Com., 760 N.E.2d 313, 316 (Mass. App. Ct. 2002) (quoting Gilmore v. Commonwealth, 632 N.E.2d 838 (1994)). The complaint states: "Ms. Holden has a cause of action on various grounds including ... intentionally (or at the very least negligently) inflicting emotional distress." Def.'s Ex. 1 at 3, ECF No.

---

[5] When no presentment has been made, dismissal under Rule 12(b)(6) is appropriate. See Haley v. City of Bos., 677 F. Supp. 2d 379, 393 (D. Mass. 2009), amended in part, No. CIV.A 09-10197-RGS, 2010 WL 3198900 (D. Mass. Aug. 12, 2010), and aff'd in part, rev'd in part, 657 F.3d 39 (1st Cir. 2011), and aff'd in part, rev'd in part, 657 F.3d 39 (1st Cir. 2011). But, here, the question is whether presentment was adequate, not if it was made.

7

8-1. The general claim of negligence can also be inferred by an educated public official and the letter is certainly not misleading. Plaintiff may proceed against the Town on Counts V and VII.

### Count VI: Intentional infliction of emotional distress

This count is dismissed against the town because the MTCA does not allow employer liability for intentional torts. See Mass. Gen. Laws ch. 258, § 10(c). It is dismissed against the police officers because plaintiff has not pleaded facts sufficient to meet the elements of the tort. One such element is that the defendants' "conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community." Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996). The standard is "very high." Id. There simply are not sufficient facts to state a plausible claim that the officers' actions meet this bar. The motion to dismiss Count VI is thus also allowed.

## CONCLUSION

In summary, the court disposes of the motion to dismiss (Docket #6) as follows:
- Counts I and II: ALLOWED as to the Town of Weymouth but DENIED as to defendants Doe and Barry.
- Counts III and IV: ALLOWED as to all defendants.
- Counts V and VII: ALLOWED as to defendants Doe and Barry but DENIED as to the Town of Weymouth.
- Count VI: ALLOWED as to all defendants.

November 19, 2020
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

8